## Burks v. Commonwealth.

(Decided May 8, 1934.)

194

HOGG & MOORE for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Bob Burks, who shot and killed Bobby Quillen, appeals from a judgment convicting him of manslaughter, and fixing his punishment at twelve years' imprisonment.

Appellant's home was near the mouth of Stephens fork, a tributary of Rockhouse, in Letcher county, and his household consisted of his wife, his daughter, Brookie Wright, his son-in-law, Al Wright, and three or four grandchildren. The deceased, Bobby Quillen, was the son of Scruge Quillen, a brother of Ben and Lincoln Quillen, and a nephew of appellant. The Quillens lived about a mile from appellant's home. On the evening before the homicide, Al Wright had a fight with Lincoln Quillen and Ben Quillen, and had also had some trouble with Morg Hall and Will Hall about the breaking of some fruit jars. About daylight on Christmas morning, the Halls went to the Quillen home, and, according to their evidence, arranged for a shooting match and later on started for the home of Cannon Hall to get him to join them, and to get to Cannon Hall's place it was necessary to pass appellant's home. On reaching appellant's home, Morg Hall and Will Hall left the Quillens out on the road and went to appellant's house. Appellant and his family were all in the house at the time, and also Lewis Hall, Bob Taylor, and possibly others. While there Morg Hall and Will Hall demanded that Al Wright pay for the fruit jars that had been broken, and also had a violent discussion with Lewis Hall. For a

while it looked as if there would be trouble, but in a few minutes the visiting Halls were quieted down, and they and the Quillens went to the home of Cannon Hall. On their return they passed by appellant's home. As they passed some shots were fired, but the Quillens say that they were not fired by any of them, but were fired by the Halls, who were some distance beyond them, and none of them were fired on appellant's house. After the firing appellant came out on his porch, fired one shot, which struck and killed Bobby Quillen. According to appellant and his witnesses, the shooting was at the house, and bullet holes which were not there before were found in the house, porch posts, and an apple tree in front of the house. One of the bullets went into the house, and was picked up there. While the firing was going on, appellant stepped out on the porch and fired one shot.

The principal ground urged for reversal is that the whole law of the case was not given, as the court failed to instruct on appellant's right to defend his home. While the right to act in defense of one's home generally arises in cases of attempted forcible entry with the purpose of committing a felony, or of inflicting great bodily harm, or offering personal violence to a person in the home, the rule also applies in case of attack or attempted attack with firearms for any one of such purposes. Hendrickson v. Commonwealth, 232 Ky. 691, 24 S. W. (2d) 564; Wright v. Commonwealth, 85 Ky. 132, 2 S. W. 904, 8 Ky. Law Rep. 718. If the witnesses for appellant are to be believed, the Quillens and Halls were all together as they were passing appellant's home, and some of them were actually firing toward and into the house. In view of this evidence it cannot be doubted that appellant was entitled to an instruction on the defense of his home, and the failure to give such an instruction was prejudicial error, notwithstanding the fact that the court instructed on self-defense and the defense of others in the home. Hendrickson v. Commonwealth, supra. On another trial the court will give an instruction similar to that directed to be given in the Hendrickson Case, with such modifications as may be necessary to meet the particular facts.

Appellant was not entitled to an instruction on accidental killing based on the theory that he shot at the crowd and did not know which one of them was shooting at him. This phase of the case was fully covered by the

instruction on self-defense which told the jury to acquit appellant if they believed from the evidence that he believed, and had reasonable grounds to believe, that he, or any member of his family, was then and there in danger of death, or the infliction of great bodily harm, at the hands of said Bobby Quillen, Scruge Quillen, Ben Quillen, Lincoln Quillen, Herald Hall, Will Hall, and Morg Hall, and that it was necessary, or believed by him in the exercise of a reasonable judgment to be necessary, to shoot either of said persons or the deceased, Bobby Quillen, in order to avert that danger, either real or to him apparent.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.