## Hughes v. Commonwealth.

(Decided Feb. 15, 1935.)

B. M. JAMES and JOHN ALLEN for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MUR-PHY, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Clay—Reversing.

Billie Hughes appeals from a judgment convicting him of manslaughter and fixing his punishment at 21 years' imprisonment.

. According to McKinley Kilburn, the principal witness for the commonwealth, he, accompanied by his wife, Adam Watkins, and the deceased, Ashland Ousley, went to the home of Dola Hall in Bosco, Floyd county. While in there talking to Mrs. Hall, appellant ran out and struck at him and Ousley with a mattock or road pick. When that occurred witness fired one shot into the ground to stop appellant. Appellant then said: ''I ain't got no gun now, but I will have one in a few minutes and I will kill you fellows.'' Appellant then ran out the back door to his home, which was about 100 yards distant. Witness and his companions then left the Hall home for the purpose of going to his home. To reach his home it was necessary to pass by appellant's home. When they reached appellant's home, appellant came out on the porch, and without saying a word fired several shots. One of them struck Ousley and killed him. Mrs. Kilburn and Adam Watkins were also struck. Witness then fired four shots at appellant. Adam Watkins corroborated Kilburn to a certain extent as to what occurred at the Hall residence, but was unable to say which crowd fired first when they got to appellant's home.

On the other hand, appellant testified as follows: His brother had married a sister of Ashland Ousley.

He (witness) was at the Hall home. Kilburn came and asked Mrs. Hall if she wanted a drink of whisky. Witness came out and sat on the edge of the porch. Kilburn said: "God damn you, you have acted smart with me too many times. Step on the outside and I will kill you." Kilburn then fired a shot. Witness then got up, went back through the house, and out the back way to his home. While standing along about the center of the door of his home, Kilburn fired three shots; one shot striking the witness. Then they each fired several shots. One of the shots fired by Kilburn struck the porch and the other one hit the roof. His family were in the house at the time. He returned the shots because he thought Kilburn was going to kill him, and he had his family there. As to what occurred at the Hall home, appellant was corroborated by Mrs. Hall.

It will be observed that appellant testified that Kilburn fired first, and that Kilburn testified that appellant fired first, while Watkins was noncommittal. It is at once apparent that there is no merit in the contention that the verdict is flagrantly against the evidence.

While Kilburn was on the stand, he was permitted to testify over appellant's objection that his wife and Adam Watkins were shot. The point is made that evidence of other crimes should not have been admitted, but that rule does not apply where, as here, the other crimes are so closely connected in time and place with the crime for which the accused is being tried that separation is practically impossible. Waters v. Commonwealth, 250 Ky. 302, 62 S. W. (2d) 1027; Gambrel v. Commonwealth, 241 Ky. 39, 43 S. W. (2d) 335.

Instruction No. 4 is as follows:

"Although the jury may believe that the defendant shot, wounded, and killed the said Ashland Ousley, as set out and described in Instruction No. 1, or Instruction No. 2, yet, if you further believe that at the time he so shot and killed the said Ashland Ousley, he had reasonable grounds to believe and in good faith did believe that the said Ashland Ousley or McKinley Kilburn, or either of them, was then and there about to inflict death, or some great bodily harm upon the defendant, Billie Hughes, and that there was no other means, or apparent safe means, of protecting or defending himself from

said danger, real, or to the defendant, apparent, except to so shoot and kill the said Ashland Ousley, or to shoot at the said McKinley Kilburn, you will find the defendant not guilty on the ground of self-defense and apparent necessity.''

It is claimed that this instruction is erroneous, in that it authorized appellant to protect himself only against Ousley. While the wording of the instruction is somewhat unusual, the criticism is without merit. The instruction gave appellant the right, not only to shoot and kill the deceased, but to shoot at McKinley Kilburn, and authorized his acquittal if he did either to protect himself from real or apparent danger at the hands of either.

There is more merit in the contention that appellant was entitled to an instruction on defense of his home. According to his evidence, appellant was not out on the porch or out in the yard when the firing began. On the contrary, he was in the house standing at the center of the door when Kilburn fired first, and two of the shots struck the house, which was occupied by him and his wife and children. In Burks v. Commonwealth, 254 Ky. 193, 71 S. W. (2d) 418, we approved the rule that the right of one to act in defense of his home applies in case of attack or attempted attack with firearms for the purpose of offering personal violence to a person in the home, and held it error not to give an instruction presenting that defense. As the facts are substantially the same, no reason is perceived why a similar instruction should not have been given in this case.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.