## Boggs v. Commonwealth.

Feb. 28, 1941.

A. W. Mann for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellant was indicted for the murder of Leonard Smedley, convicted of voluntary manslaughter, and sentenced to ten years in prison. It is conceded that Smedley died from a skull fracture sustained as a result of a violent blow struck by appellant. The defense was predicated upon the claim that deceased put his hand in his pocket when appellant approached him and that the blow was inflicted by appellant in self defense, with his naked fist, and without intention to cause death or serious injury.

The evidence was amply sufficient to sustain the Commonwealth's theory that the blow was struck maliciously and without provocation, and its sufficiency in this respect is not seriously questioned on this appeal. The instructions are not before us and the only factual dispute which we are asked to determine is whether the fracture was caused by the use of steel knuckles, as testified by one witness, or a blow with the naked fist, or

by deceased's head striking the pavement when he was knocked down.

We are of the opinion, however, that it is immaterial to the establishment of appellant's guilt whether he did or did not strike the deceased with steel knuckles, or whether the fracture was caused by deceased's head striking the pavement, provided the other elements of voluntary manslaughter were present and the jury was properly instructed on the included offense of involuntary manslaughter. One witness for the Commonwealth testified that appellant expressed the intention to kill his victim, and on being informed that he had killed him, said, "Sure, I aimed to kill the G—— d—— son of a bitch." It is not necessary to the commission of the crime of manslaughter that a deadly weapon be employed. True, there must have been an intentional killing as opposed to an unintentional killing, but this intent, in the absence of express testimony, may be inferred from the acts of the accused and even founded upon a manifest or reckless disregard for the safety of human life. Kearns v. Commonwealth, 243 Ky. 745, 49 S. W. (2d) 1009; Smith v. Commonwealth, 228 Ky. 710, 15 S. W. (2d) 458. Hence, it is unnecessary to recite the testimony or discuss appellants' contention that the evidence was insufficient to convict appellant of voluntary manslaughter because it did not establish the employment of a deadly weapon.

With respect to the alleged error of the Trial Court in overruling appellants' motion at the conclusion of the Commonwealth's testimony to strike from the indictment so much thereof as charged appellant with striking and wounding the deceased with steel knuckles, it is sufficient to say that there was evidence, though slight, that steel knuckles had been used in striking the fatal blow, and that the alleged error was not referred to in appellants' motion for a new trial.

As above stated, the instructions are not before us; in fact, they are not incorporated in the record or referred to in the motion and grounds for a new trial. Presumably the Court safe-guarded the appellants' rights by instructing on self-defense and involuntary manslaughter, and thus, the only other question which we are called upon to decide is whether the Court erred in overruling appellants' demurrer to the indictment.

It is contended on behalf of appellant that the indictment is insufficient for the reason that it charges in one count the commission of the crime by alternative modes disjunctively and in violation of the rule that an indictment must set forth the offense with such certainty as to apprise the accused of the nature of the accusation and to constitute a bar to any subsequent proceedings for the same offense. The specific complaint is that the pleader in stating the alternative means by which the crime was committed, namely, the use of metal or steel knuckles, "a deadly weapon," or the use of hands, fists, and feet, "deadly weapons when so used and employed," adopted the phrase "and/or" as a prefix to the second alternative on no less than four occasions. However, Section 126 of the Criminal Code of Practice expressly provides that if the offense "may have been committed in different modes and by different means, the indictment may allege the modes and means in the alternative," and it is impossible to escape the conclusion that the indictment under consideration, while inartificially drawn, was amply sufficient to apprise appellant of the fact that he was accused of murdering Leonard Smedley by striking him with steel knuckles or with his naked hands, fists, or feet. While the use of the grammatical monstrosity "and/or" is confusing and should be condemned, the indictment charged but one offense and substantially complied with the requirements of Sections 122 and 124, Criminal Code of Practice. Robertson's New Kentucky Criminal Law, Section 1737.

The authorities cited by the appellant are not in point, as the indictments held defective charged separate and distinct offenses.

Judgment affirmed.