## Johnson v. Commonwealth.

June 9, 1944.

Fred Faulkner and George O. Bertram for appellant.

Eldon S. Dummit, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

Broadus Johnson was sentenced to the penitentiary for twenty years following his conviction for voluntary manslaughter. The principal ground urged for reversal is that the evidence established as a matter of law that the killing was done in self-defense and, consequently, that a verdict of not guilty should have been directed.

The appellant and the deceased, Harrison Johnson, were brothers. The appellant and his father lived in the

same house, their rooms being on opposite sides of a small hall. The father had been arrested and the deceased and several friends came to his room. The appellant left the house for a while and during his absence one of the visitors, Otha Buchanan, got two quarts of home brew out of the appellant's room and the visitors drank it. When the appellant returned he chided Otha about getting the beer and the deceased threw a bottle which hit appellant on the head or neck. From here on the evidence is highly conflicting, but the weight of the evidence is that appellant said he would "stop that racket" and left the room. Mattie Richerson, the appellant's sweetheart, says she knew there was going to be trouble and she followed appellant. When she got into the hall she saw the appellant standing in his room with a shotgun. The deceased had not then gotten into the hall. She ran out into the yard and heard a shot. When she returned the deceased was lying in the hall. Some witnesses testified that when the appellant left the room the deceased followed him with a bottle in his hand. They say they either heard or saw the appellant and the deceased struggling in the hall. The appellant testified that when he went to his room he did not pick up the shotgun but that it was setting near the hall door; that the deceased started in the door with a bottle in one hand and a knife in the other and he then picked up the gun and fired in order to protect himself. One witness testified that there was a knife in the hand of the deceased after he fell, but the decided weight of the evidence is that the deceased did not have a knife.

We think the evidence was sufficient to justify a submission to the jury and to sustain the verdict. The most coherent version of the difficulty was given by the witness Mattie Richerson, who was friendly to appellant, and the jury were justified in accepting her testimony as true. Her testimony, with the justifiable inferences to be drawn therefrom, warranted the jury in believing that the appellant left the room with the intention of getting his shotgun to shoot the deceased. He did get his gun, according to this witness, even before the deceased came into the hall. He fired before the deceased entered the room. The jury was justified in believing that he had the intention of killing the deceased when he left the room and that he carried out that purpose. This being true, the evidence was amply sufficient to sustain the verdict.

It is next contended that error was committed in giving an instruction authorizing a conviction for murder. But, since the appellant was convicted only of voluntary manslaughter, the giving of the murder instruction, even if erroneous, was in no wise prejudicial to the appellant.

It is also argued that the court erred in failing to give an instruction on accidental shooting, since there was evidence that the appellant and the deceased were struggling over the gun when the shot was fired. But this argument ignores the fact that the appellant admitted firing the shot intentionally. In view of this admission, there was no basis or necessity for an instruction on accidental shooting.

The final contention is that error was committed in failing to instruct that the law presumes the defendant innocent until his guilt has been proven beyond a reasonable doubt. In Mink v. Commonwealth, 228 Ky. 674, 15 S. W. 2d 463, we held that the usual instruction on reasonable doubt was sufficient and that an instruction of this character is not required. The usual reasonable doubt instruction was given.

Affirmed.