# Watts v. Commonwealth.

Jan. 15, 1946.

Don A. Ward for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

Hiram Watts, who shot and killed Cager Gwinn, has appealed from a judgment convicting him of voluntary manslaughter and fixing his punishment at two years imprisonment.

The only ground urged for reversal of the judgment is that the court failed to give the jury the whole law of the case in that it refused to give an instruction on the defense of Watts' home.

The shooting took place at appellant's home on Ten Mile, a creek in Perry County. On the day of the crime the deceased and his brother, Tom Gwinn, had been hunting, and each carried a 12 gauge shot gun. They had stopped at Goodloe Sizemore's place, which is about a mile down the creek from Watts' home, where they met Watts. Watts, the deceased and his brother were all drinking. There is some evidence of an argument at Sizemore's place but the three left together and came to Watts' home for the purpose of obtaining some more liquor. When they reached there Watts and the deceased had an argument which took place outside of the house and in the yard next to a paling fence.

There is a conflict in the testimony as to whether Tom Gwinn fired the first shot, but the jury accepted the theory that the first shot was fired by Watts. According to the evidence for the Commonwealth, Watts and

the deceased came out of the house with a fruit jar of whiskey and were trying to fill a small bottle from this fruit jar. The argument started at that time and Watts called to his young son and commanded him to bring his gun. At this point the deceased started to leave the premises through a hole in the paling fence and Watts shot him as he was bending over trying to get through the fence. The bullet entered his hip and lodged in the bladder, causing his death on the following day.

When Watts shot Cager Gwinn, his brother, Tom Gwinn, shot Watts in the side, but apparently did not injure him seriously. It is clear from the evidence that the shooting was the result of a drunken argument.

It is argued that the evidence supports an inference that Watts believed, or had reasonable grounds to believe, that some member of his family was in danger of death or great bodily harm at the hands of either Cager Gwinn or Tom Gwinn, or both, and that the jury should have been instructed as to Watts' right to defend his home and family. There is no evidence whatever to support this contention. Even accepting the testimony of the witnesses for the defense, it is clear that at most Watts was entitled to an instruction on self defense, which was given.

While it is true that the right to act in defense of one's home generally exists in case of attack or attempted attack with firearms where personal violence is threatened to a person in the home (Hendrickson v. Commonwealth, 232 Ky. 691, 24 S. W. 2d 564; Burks v. Commonwealth, 254 Ky. 193, 71 S. W. 2d 418), this rule does not apply where there is no showing that the intruder was attempting to enter the home at the time of the shooting. Krone v. Commonwealth, 265 Ky. 389, 96 S. W. 2d 1052.

The facts in this case are similar to those in the case last cited and on authority of that case the judgment is affirmed.