## Gross v. Commonwealth.

December 3, 1948.

George T. Ross and J. P. Chenault for appellant.

A E. Funk, Attorney General, and J. Gardner Ashcraft, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

William Gross, upon his trial under an indictment.

charging him with willful murder, was convicted of the crime of manslaughter and sentenced to a term of three years in the penitentiary. He seeks a reversal of the judgment on four grounds: (1) He was not arraigned; (2) the instructions are erroneous; (3) competent evidence offered by him was erroneously rejected; and (4) the court erroneously refused to require the Commonwealth to make two arguments to the jury.

Appellant shot and killed Eugene Vaughn, a young man 22 years of age, about 11 o'clock on the night of July 17, 1947. Appellant, a tenant farmer, lived with his wife and six children in a six room house about 3½ miles from Richmond just off U. S. Highway 25. His house was located on a side road which formerly led to Ft. Estill. Eugene Vaughn, accompanied by a young woman, drove out Highway No. 25 in an automobile and turned into the side road leading to appellant's home. Vaughn's companion testified that Vaughn was in the act of turning around when several shots were fired into the automobile. She was struck in the face and shoulder by shot passing through the windshield, but was not seriously injured. One load of shot struck Vaughn in the right eye, and he died shortly after reaching the hospital in Richmond. He was never conscious after he was shot. Appellant testified that he was in bed and was awakened by the noise of an automobile and the lights shining in the window. He got up and asked who was there. No one answered, but the headlights of the automobile were turned off. He went into an adjoining room, procured a single barrel shotgun, went into the kitchen, and fired four shots through the screen of the kitchen window. He then opened the kitchen door and walked out into the yard. He thought he heard the door of the automobile open and someone walking on the gravel. He fired a fifth time in the direction of the sound. Vaughn had never moved from behind the steering wheel. His companion testified that she heard no voices, and that the shots were fired without warning. Appellant's explanation of his conduct is that he had left his home in Perry County and had moved to Madison County because one Mack Sandlin had fired into his home in Perry County in 1938, and had threatened to kill him. He thought that Mack Sandlin was in the automobile. There is no sugges-

tion that the evidence is insufficient to sustain the verdict.

Section 154 of the Criminal Code of Practice provides:

"An arraignment is the reading of the indictment by the clerk to the defendant, and asking him if he pleads guilty, or not guilty, to the indictment."

Section 155 provides that the arraignment shall only be made on indictments for felony and may be dispensed with by the court with the defendant's consent. The record does not show conclusively that appellant was arraigned. The order reads:

"This cause came on for trial. Plaintiff and defendant answered ready. The defendant pleaded not guilty."

In the bill of exceptions it is stated that a jury was "duly impaneled and sworn to try the issue upon the defendant's plea of not guilty to the indictment, charging him with the offense of murder." In Parsons v. Commonwealth, 285 Ky. 472, 148 S. W. 2d 301, it was held that when the record fails to show that the defendant was not arraigned it will be presumed that that procedure was dispensed with by the defendant's consent. There is nothing in the record tending to indicate that appellant was not arraigned, and his motion and grounds for a new trial does not assign as grounds any failure in this respect. In Meece v. Commonwealth, 78 Ky. 586, the record failed to disclose the fact that the accused was arraigned or that any plea was entered in his behalf, and it was held that such failure did not authorize reversal of the judgment of conviction since it was manifest from the entire record that an issue was made and that the accused had a fair and impartial trial. To the same effect are Reed v. Commonwealth, 138 Ky. 568, 128 S. W. 874; Fleming v. Commonwealth, 223 Ky. 25, 2 S. W. 2d 1035. And, as said in Dabney v. Commonwealth, 226 Ky. 119, 10 S. W. 2d 612, 613:

"If there has been an omission at the trial which the defendant considers prejudicial to him, he should call it to the attention of the court, and demand a compliance with the law. If the request is refused, an exception must be taken and noted in the bill of exceptions."

Several criticisms of the instructions are made. Instruction No. 1 is criticized because it combines in one instruction the law on murder and manslaughter. While this court has said that it would be better practice to give the instructions separately, yet it has held that it is not prejudicial to the accused for the trial court to define murder and voluntary manslaughter in one instruction. Wooten v. Commonwealth, 299 Ky. 598, 186 S. W. 2d 652; Bourne v. Commonwealth, 234 Ky. 842, 29 S. W. 2d 561.

The instruction on self-defense is criticized because the symbol "and/or" was used in coupling appellant's right to defend himself and his right to defend any member of his family. The symbol "and/or" has been condemned by some courts as being equivocal and neither positively conjunctive nor positively disjunctive, and in Boggs v. Commonwealth, 285 Ky. 558, 148 S. W. 2d 703, it was referred to as a "grammatical monstrosity" though the court held that its use in an indictment did not render the indictment insufficient. So, here, the use of the symbol did not create an ambiguous status likely to mislead the jury.

Instruction No. 3 is criticized because it omits the words "before the killing" in the definition of "malice aforethought." The error, if any, became immaterial when the jury failed to convict appellant of the crime of murder. Johnson v. Commonwealth, 297 Ky. 760, 181 S. W. 2d 262; Collingsworth v. Commonwealth, 254 Ky. 472, 71 S. W. 2d 1030.

Appellant's final complaint of the instructions is that they failed to submit to the jury his right to defend his home. In order to entitle the accused to such an instruction, there must be, at least, an attempted forcible entry or an attack or attempted attack with firearms or other weapons. Watts v. Commonwealth, 301 Ky. 351, 192 S. W. 2d 107; Burks v. Commonwealth, 254 Ky. 193, 71 S. W. 2d 418. The deceased, Eugene Vaughn, was unarmed and never left the driver's seat of the automobile.

Appellant complains because the court excluded certain evidence offered by him. Mrs. Annie Sandlin, appellant's sister, testified that in 1946 she lived in the house in Perry County owned by appellant, and that

Mack Sandlin was involved in a difficulty there in August, 1946. She was asked "What did you see Mack Sandlin do," and an objection to the question was sustained. The defendant made an avowal that the witness, if permitted to answer, would say that she saw Mack Sandlin shoot into the house. Appellant had not resided in Perry County for many years, and was not present when the alleged difficulty occurred. The evidence was irrelevant, and was properly excluded.

The final ground urged for reversal of the judgment is a novel one. The appellant was represented at the trial by two attorneys, and at the conclusion of the evidence he moved the court to grant each side two arguments. The court sustained the motion, and the Commonwealth's Attorney then announced that the Commonwealth desired only one argument. The appellant moved that the Commonwealth's Attorney be required to make his argument or part of his argument before the last argument for the defendant, and the court overruled his motion. The court's ruling was in strict accordance with section 227 of the Criminal Code of Practice, which provides that the defendant or his counsel shall commence, and the counsel for the Commonwealth conclude, the argument to the jury. Section 228 of the Criminal Code of Practice provides that if more than one counsel on each side argue the case they shall do so alternately, but there is no provision requiring two arguments for the Commonwealth if two attorneys argue for the defendant.

The judgment is affirmed.