## SMITH v. COMMONWEALTH.

Court of Appeals of Kentucky.

Jan. 25, 1952.

Tackett & Tackett, Prestonsburg, for appellant.

J. D. Buckman, Jr. Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CAMMACK, Chief Justice.

Will Smith was sentenced to 21 years in prison for killing Ed Hall in a card game. On this appeal he is urging that the trial court erred in requiring him to testify that he had been convicted of another shooting offense and in failing to admonish the jury as to the purpose for which this testimony was admitted. He complains also of the instructions.

Over objection Smith was required to answer that he had been convicted previously of a felony and that it was for shooting a man. Smith's attorney then moved to set aside the swearing of the jury and continue the case. This motion was overruled and an exception taken. The court did not admonish the jury that this evidence was admissible only for the purpose of attacking the credibility of the witness. The questions were framed properly and the evidence was admissible. Quillen v. Commonwealth, 275 Ky. 158, 120 S.W.2d 1047. However, since the questions were objected to, it was the duty of the court to admonish the jury as to the purpose for which the evidence was admissible. Bond v. Commonwealth, 236 Ky. 472, 33 S.W. 2d 320. In Allen v. Commonwealth, 302 Ky. 546, 195 S.W.2d 96, it was said that a court's failure to so admonish the jury is not reversible error where on the whole record it is not prejudicial to the accused. Certainly it would be better practice for the admonition to be given in every case such as the one under consideration. However, the motion to set aside the swearing of the jury and to continue the case went beyond a request to have the jury admonished properly. It was reversible error not to give the admonition under the circumstances.

In framing the reasonable doubt instruction the court said: "If upon the whole case, you have reasonable doubt of the defendant having been proved guilty you ought to find him not guilty * * *."

The objection goes to the use of the word "ought." If there be another trial of the cause, this instruction should be framed in keeping with the instructions found in Section 956, Stanley's Instructions to Juries.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.