## MATTERS v. COMMONWEALTH.

Court of Appeals of Kentucky.

Feb. 1, 1952.

P. H. Vincent, Ashland, for appellant.

A. E. Funk, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., Thomas Burchett, Commonwealth's Atty., 32nd Judicial District, Ashland, for appellee.

CAMMACK, Chief Justice.

David Matters was sentenced to prison for life on a charge of armed robbery. On this appeal he contends that (1) a peremptory instruction should have been given in his favor; (2) the court erred in the admission of evidence of a previous conviction for robbery and in failing to admonish the jury as to the purpose for which the evidence was admitted; and (3) the Commonwealth's Attorney made improper and inflammatory remarks in his closing argument to the jury.

The robbery which Matters was charged with committing, along with two companions, occurred on March 25, 1946. He was indicted in December, 1950. Matters proved by three close relatives that he was in Pittsburgh on March 25, 1946. He produced an unsigned automobile operator's Learner Permit with his name typed on it, which was issued in Pittsburgh on March 25, 1946. This permit showed that it expired June 29, 1946. He produced also his identification card for Unemployment Compensation (referred to in the record as rocking chair money) showing that he drew a payment for the week ending March 26, 1946 in Pittsburgh. Only the Commonwealth's witness, Shockey, manager of the store which Matters was charged with robbing, positively identified Matters. He said Matters was the one who poked a gun in his ribs while the other parties took the money from the cash register. One other witness for the Commonwealth thought Matters was one of the robbers, and another witness identified Matters as having been in a store in Huntington, West Virginia, during the afternoon of March 25. This witness said however that Matters had on a gabardine suit at that time

914

whereas Mr. Shockey said he was wearing a pin striped suit. During the cross-examination and re-examination of Matters, the Commonwealth introduced a photograph of him taken shortly after the store was robbed in Ashland and at which time he was in prison in Ohio. This photograph showed that Matters was wearing a pin striped suit, however it bore an Ohio number of identification.

In urging that he was entitled to a peremptory instruction Matters insists that it was error to permit the introduction of the photograph and also that the record evidence and the testimony of witnesses showing that he was in Pittsburgh on the 25th and 26th of March, coupled with the evidence of the Commonwealth as to his identity, entitled him to a directed verdict of not guilty. We cannot concur in this conclusion. There was Mr. Shockey's positive evidence that Matters was the one who poked a pistol in his ribs while the store was being robbed.

The second contention presents a more serious problem. The questions asked Matters on cross-examination about his conviction of a previous felony were admissible. Quillen v. Commonwealth, 275 Ky. 158, 120 S.W.2d 1047; Smith v. Commonwealth, Ky., 245 S.W.2d 584. However, since objections to the questions were made it was the duty of the court to admonish the jury as to the purpose for which the evidence was admissible. Bond v. Commonwealth, 236 Ky. 472, 33 S.W.2d 320; Smith v. Commonwealth, Ky., 245 S. W.2d 584. In the Smith case we commented on the statement in the case of Allen v. Commonwealth, 302 Ky. 546, 195 S.W.2d 96, to the effect that the failure of the court to give the proper admonition under such circumstances is not reversible error where on the whole record it was not prejudicial to the accused. The case at bar is clearly one, principally because of the conflicting evidence as to Matters' identity, where it was prejudicial error to the accused not to give the proper admonition. In view of the circumstances under which evidence as to a former conviction of an accused is admissible it seems to us that the better

rule would be to hold that reversible error had been committed when the proper admonition was not given unless it be shown on the whole record that such failure was not prejudicial.

Because of the identification number on the photograph the court should have admonished the jury that it was admissible only for the purpose of identifying Matters as one of those engaged in the robbery.

In his argument to the jury the Commonwealth's Attorney commented on Matters' conviction of robbery in Ohio as though the evidence was admissible without qualification. This he should not have done. Fry v. Commonwealth, 259 Ky. 337, 82 S.W.2d 431.

Judgment reversed with directions to set it aside and for proceedings consistent with this opinion.