**Arthur Terry ROLACK, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 13, 1974.

Anthony M. Wilhoit, Public Defender, Anna H. Isaacs, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Robert W. Riley, Asst. Attys. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

Arthur Terry Rolack was convicted by a jury in the Fayette Circuit Court on two separate counts of obtaining property under false pretense and a third count of being a habitual criminal. His punishment was fixed at life imprisonment.

On appeal Rolack argues that (1) the trial court should have sustained his motion for a new trial, as a photographic identification of him was improper, and (2) he was denied due process and equal protection of law, as the life sentence imposed by the habitual criminal statute constituted cruel and unusual punishment.

On September 4, 1962, Lawrence Anderson of Wilson Machinery and Supply Company sold a skil saw to a black man. On March 30, 1973, Bruce Hammell, owner of Tookey's Auto Supply, sold a battery charger to a black man. On both these occasions the black man, who was dressed in a Coca Cola Bottling Company uniform, represented that he was an employee of Bluegrass Coca Cola Bottling Company and authorized to purchase both the skil saw and battery charger. Invoices charging these items to the account of the Coca Cola Bottling Company were prepared. The black man signed each invoice as agent of the company and accepted delivery of the merchandise.

Although the black man was a stranger to Anderson, he did not consider this unusual or suspicious. On a number of prior occasions, employees of the bottling company, unknown to him, had made credit purchases as agents of the company.

The black man was likewise a stranger to Hammell. While the battery charger ordered by the black man was being delivered from the warehouse, he and Hammell discussed other mutual acquaintances. The fact that both men were familiar with certain employees and operations of the bottling company caused Hammell to conclude that the black man had authority to make the purchase.

Neither Anderson nor Hammell discovered the fraud until the bottling company refused to pay for the items purchased. They reported the incidents to the authorities, and Detective Charles Majors of the Lexington Metro Police was placed in charge of the subsequent investigation. Hammell and the bottling company, after investigating the possibility that the black man was a former Coca Cola employee, concluded that he could have been Arthur Terry Rolack, a recent employee in the paint shop. This information was given to Detective Majors.

Before Rolack was arrested or taken into custody, Majors assembled a series of

five or more photographs to be exhibited to Anderson and Hammell. The series included a photograph of Rolack. On separate occasions the photographs were examined by Anderson and Hammell, and each identified Rolack as the black man who had victimized him. They again identified him when they testified at the trial.

 Rolack claims that the photographic identification (line-up) violated his right to due process of law because it afforded him none of the constitutionally required protection of a line-up conducted under the guidelines of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The rule of *Wade* has no application where examination of photographs results in the identification of a suspect. This is particularly true where the prisoner identified was not under indictment or even in custody. Wickware v. Commonwealth, Ky., 444 S.W.2d 272 (1969); Richardson v. Commonwealth, Ky., 483 S.W.2d 105 (1972).

Identification of a suspect by means of an examination of a series of photographs, when properly conducted, meets all the requirements of due process. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). The series of pictures assembled by Detective Majors were of black men of the apparent age, weight, and height of Rolack. There were no distinctive markings on the pictures which in any manner focused attention on a particular person. Nor did the arrangement of the pictures for viewing suggest any particular person depicted as a possible suspect. The procedure employed in the photographic identification of Rolack conformed to the guidelines of *Simmons* and was not violative of his constitutional rights.

Rolack's claim that the imposition of a life sentence under the habitual criminal statute constituted cruel and unusual punishment is without merit. We have consistently upheld the constitutionality of this statute. In the recent case of Cox v. Commonwealth, Ky., 514 S.W.2d 49 decided May 3, 1974, we considered and rejected the same arguments advanced by Rolack in support of his position.

The judgment is affirmed.

All concur.