**Gilbert COTTON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 20, 1970.

As Modified on Denial of Rehearing
May 29, 1970.

Foster V. Jones, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

Appellant, Gilbert Cotton, was found guilty by a trial jury of attempted armed robbery (KRS 433.150) of the Fihe-Kupper Pharmacy, Shively, Kentucky, and of the armed robbery (KRS 433.140) of Voelker's Pharmacy, Louisville, Kentucky. The attempted armed robbery took place at about 9 o'clock one morning and the armed robbery took place later the same day at about

8 o'clock in the evening. Some narcotics were stolen in the course of the armed robbery. Appellant's punishment was fixed at life imprisonment on both charges. The judgment of conviction directed that the sentences be served concurrently.

Cotton asserts that prejudicial error was committed at his trial in several respects. We have examined the record and reject all of his allegations of prejudicial error except for two instances wherein his right to a fair trial was clearly violated. We, therefore, reverse the judgment and direct that appellant be retried.

■ Although appellant complains that a pretrial line-up violated the requirement of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, the record shows that there was no objection interposed to the testimony of the witnesses for the prosecution in which an in-court identification of Cotton was made. Two of these prosecution witnesses stated that they picked appellant's photograph out from some pictures. The procedure was substantially the same approved in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.

The robberies took place in well-lighted stores. The appellant wore no mask. Five people were able to see him for periods ranging up to five minutes and the witnesses picked out his photograph less than a day or two after the crime while their memories were still fresh, but before Cotton was represented by counsel. When the total situation is considered, we are convinced beyond any doubt that the reason no objection was made to the in-court identification of the appellant by these witnesses was the clarity with which it was demonstrated that their identification of the appellant was not tainted by any unfair line-up procedure. We find no prejudicial error presented by this asserted ground.

Appellant also argues that he was precipitously forced into trial on one of the charges before he was prepared to make de-

fense. We need not even consider whether any error occurred in this area because we are directing a new trial in this case and the situation about which complaint is directed cannot recur.

■ Ila Johnson, a witness for the defense, was asked on cross-examination if she had been convicted of a felony. The witness admitted the conviction. No evidence was introduced concerning the identity of the felony. Nevertheless, during the final argument to the jury, the attorney representing the Commonwealth argued to the jury that this witness during her appearance on the witness stand was "so full of narcotics it was perfectly obvious that she didn't know where she was." Cotton's attorney objected. The trial judge in reply interjected: "It is just an argument. She has been convicted on narcotics." There was no evidence in the record to this effect and the fact that the trial judge injected it aggravated the error to the level of clear prejudice to the appellant's right to a fair trial.

The Commonwealth argues that "this evidence was introduced to show a motive for Cotton's stealing drugs." The plain truth is that the evidence was never introduced. There was no such evidence. We cannot sanction the action of the trial judge in advising the jury that a witness had been convicted of a particul r crime where no such evidence has even been offered, much less introduced.

A very important problem raised in the case concerns the conduct of the prosecution in its efforts to show the jury that appellant had been previously convicted of felonies. At the time of the trial of this case, Cowan v. Commonwealth, Ky., 407 S.W.2d 695, had been the recognized law in this jurisdiction for almost two years. In spite of the clear direction given in that case, the prosecutor in this case asked the defendant on cross-examination if he hadn't been in the penitentiary six times. The trial judge directed the prosecutor to just ask if the defendant had been convicted

of a felony. Contrary to that specific admonition by the trial judge the prosecutor then again said: "Tell the jury how many times * * *." The trial judge thereupon properly intervened and again directed that the defendant be asked if he had been convicted of a felony. The defendant then admitted a prior felony conviction. Thereupon the trial judge gave the usual admonition to the effect that this evidence must only be considered by the jury for the purpose of affecting the defendant's credibility as a witness and not as evidence of guilt of the crimes with which he was charged. Defendant's counsel properly preserved the error by motion that the jury be discharged.

Later in the trial, the prosecutor in cross-examining a defense witness, Roy Williams, asked: "You have been convicted of the offense of armed robbery have you not?" The witness replied in the affirmative. Defendant's counsel again objected. On this occasion, the trial judge made no ruling on the objection but gave the admonition concerning the limited purpose of the evidence.

The Attorney General at least tacitly concedes that error was committed when the prosecutor asked the appellant on cross-examination if he had previously been in the penitentiary six times. The Commonwealth strongly urges, however, that we overrule the Cowan case and regard the error as nonprejudicial. In view of the importance of the question as it concerns the proper administration of criminal justice, we have concluded to re-examine the issue.

■ Our research convinces us that the principal and fundamental basis of Cowan is correct and the basic view expressed therein has been validated by experience. The unanswerable thesis declared in Cowan is that no admonition to a jury can rightly relieve or eliminate the prejudice that is done to a defendant on the merits of his case by disclosure of past felonies that are actually unrelated to his credibility as a

witness in the name of impugning the attribute of truthfulness or worthiness to be believed. We said in Cowan and still declare that the device of admitting past felony convictions that are not actually related to the issue of credibility is unnecessary and is unfair.

Nevertheless, under our scheme of justice, the defendant may elect not to testify and his failure to testify cannot be commented upon. On reflection, we are convinced that it is proper to impeach a witness, even one who may be an accused defendant who choses to be a witness for himself, by proof of background facts which bear directly on whether jurors ought to believe him rather than other and conflicting witnesses.

■ As pointed out in Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936, common human experience demonstrates that acts of deceit, fraud, cheating, or stealing are increasingly regarded as conduct which reflects adversely on the actor's credibility. Felony convictions that rest on dishonest conduct directly relate to the issue of credibility.

■ We are, therefore, persuaded that the rule in Cowan should be modified to the extent of allowing impeachment of a witness, including a defendant in a criminal case, by proof of conviction of felonies that rest on dishonesty, stealing, and false swearing, subject, however, to vested discretion, although limited in scope, in the trial judge to limit such evidence. The exercise of discretion by the trial judge in this area should primarily consist of weighing the interest of society in the prosecution of criminal defendants to provide the trial jury with relevant evidence of the witness' untrustworthiness to be believed against the possible prejudice to the witness, particularly in the case of a criminal defendant, in being convicted not of the crime for which he is charged but of some crime for which he has been convicted and punished on some prior occasion. The nearness or remoteness of the prior conviction is a

relevant factor to consider in the exercise of this discretion. The probability of prejudice is greater where the crime for which the defendant is presently being tried is one of dishonesty or false statement, especially in those instances where he has been convicted several times previously of the same type of crime. The age and circumstances of the defendant are also proper factors.

In the instance involved where the prosecution desires to impeach the defendant who testifies by proof of prior felonies, those felonies must be relevant to the issue of credibility. A hearing should be had outside the presence of the jury. Therein it may be ascertained if the defendant has been convicted of a felony and, if so, its nature and circumstances. The trial judge may then determine the admissibility of the impeaching evidence. Where the prior convictions are of felonies not relevant to the issue of credibility, the cross-examiner may not inquire concerning them or any of them either generally or specifically. CR 43.07, though applicable to criminal cases, must be interpreted to permit impeachment by proof of prior felonies relevant to the issue of credibility and not to allow the device condemned in Cowan.

By crimes involving dishonesty, stealing, and false swearing, we mean such felonies as perjury, subornation of perjury, obtaining money or property under false pretenses, forgery, embezzlement, counterfeiting, fraudulent alterations, misappropriation of funds, false personation, passing checks without sufficient funds or on non-existent banks, fraudulent destruction of papers or wills, fraudulent concealment, making false entries, and all felonies involving theft or stealing. This list is not all-encompassing and we are confident that trial judges are capable of determining whether the particular prior felony involves a crime of dishonesty, stealing, or false swearing.

Under our modification of the Cowan rule, once the question of admissibility is determined the witness may be asked on cross-examination if he has been convicted of the specific offenses. If he denies such convictions, proper documentary proof, without restriction to the number of prior convictions, may be then introduced, controlled, however, by the sound discretion of the trial judge in the particular case. Of course, the admonition now required shall continue to be given in all instances. We believe by this procedure the true nature of the impeachment of the credibility of witnesses, including criminal defendants, will be preserved and promoted. The prosecution will not be unduly restricted. Prejudice to the defendant will be minimized and the nature of the evidence itself will coincide with the limited-purpose admonition given to the jury. The jury will not be expected to engage in mystical mental gymnastics.

It is unfortunate in this case that we are compelled by duty and responsibility of office to order a retrial for Cotton. The prosecution's case was clear and convincing and would have remained so without violation of the rules, but the prosecutor chose to violate the rules that govern the system. We have refashioned some of those rules but appellant's conviction could not stand under the rules then in force or as refashioned. Administration of criminal justice must be firm, fair and impartial. We can neither expect nor exact respect for the system from society in general or from the persons who must be subjected to the operation of the system unless the component parts of that system respect each other.

The judgment is reversed with direction for a new trial in accordance with this opinion.

All concur.