**KENTUCKY BAR ASSOCIATION, Complainant,**

**v.**

**John David MARTIN, Respondent.**

Court of Appeals of Kentucky.

Feb. 16, 1973.

Henry H. Harned, Director, Leslie G. Whitmer, Asst. Director, Ky. Bar Assn., Frankfort, for complainant.

John David Martin, pro se.

PER CURIAM.

Pursuant to the provisions of RCA 3.320 the Kentucky Bar Association certified to the court two misdemeanor judgments of conviction against the respondent John David Martin. No appeal was taken from either judgment rendered by the Fayette County Quarterly Court.

Subsequent to the filing of the judgments of conviction with the court, a rule was issued to permit him to answer to the charges against him. He could not be served at his last known address and a warning order attorney was appointed, and he too did not succeed in notifying the respondent of the charges, and the matter was submitted for decision. Subsequently, a new address was discovered, and the Clerk of this court succeeded in notifying him of the charge, and this court set aside submission of the case in order to give him a chance to file an answer. The misdemeanors of which he was convicted on a plea of guilty were the use of a stolen registration plate on his automobile and an attempt to commit a felony—the defrauding of an innkeeper (the Campbell House) by known inability to pay his bill. Respondent received a six-month probated sentence on a plea of guilty after serving 17 days in jail because he was unable to obtain a $1500 bond as bail. He asserts that he pled guilty in order to get out of jail.

In his answer to the charges, Martin admits that his conduct was ill-advised but asserts that he had been a member of the Bar for ten years before his conviction and there had been no complaints against him; that he did not intend to defraud the innkeeper and that he did not know who put the stolen license plate on his car. His affidavit and the affidavit of the woman who was traveling with him were filed in support of his answer.

The gist of the affidavits is that the woman and her 15-year-old boy had ridden with him from Florida, that the youngster wired the ignition of the car without the knowledge of his mother and got it mired in the mud in an adjoining area from which the police had to extricate it, and this incident precipitated the arrest which followed the Campbell House manager's demand for payment for the room, held in Martin's name, which was occupied by Martin, the mother of the boy and the youngster. Martin claims he gave a check for the room charge, but informed the manager that it would not be good until he got to Louisville to put some funds in the bank. Where he was to obtain the necessary funds was not disclosed. The respondent prays that a lesser penalty than disbarment be imposed upon him.

RCA 3.320 provides in part, "If the offense is a felony or if it is a misdemeanor which the court finds to involve dishonesty or stealing within the concept of Cotton v. Commonwealth (Ky.), 454 S.W.2d 698, the member shall be suspended ipso facto. If no appeal is taken the court shall enter an order of disbarment." The respondent did not appeal from his conviction of the misdemeanors, but pleads in mitigation that he pled guilty to the charges in order to get out of jail and to free his impounded car. He claims that he had no intention to defraud at the time, and that that is why he did not consider the charges to be of such a serious nature that they threatened his professional status. He points to the fact that Cotton v. Commonwealth, above, pertained to a felony and not a misdemeanor.

Nevertheless, Cotton pertained to the question of whether honesty was involved, and that it what is involved here. The Bar Association relies on RCA 3.320, and consequently seeks his disbarment.

The court considers the misdemeanors of such a serious nature involving the honesty of the respondent that they come within the purview of Cotton v. Commonwealth, supra, and, in conformity with RCA 3.320, the respondent is hereby disbarred from the practice of law. All costs of this proceeding are assessed against the respondent.

It is so ordered.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.