David PHILLIPS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 13, 1974.

Eulyn L. Dean, Tebbs S. Moore, Phillips & Moore, Harrodsburg, for appellant.

Ed W. Hancock, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Justice.

The appellant and his son, James Phillips, were jointly indicted on a charge of assault and battery. KRS 431.075. Finding both guilty, a jury fixed the punishment of James at 12 months in jail and that of the appellant at a $500 fine. James did not appeal.

Over objection, these questions and answers were admitted in evidence during cross-examination of James Phillips:

Q. Mr. Phillips, have you ever been convicted of a felony?

MR. DEAN: Your Honor, I object.

(The Court and counsel confer at the bench, then in chambers.)

A. Yes.

MR. DEAN: Your Honor, I object to the question and would ask the Court to admonish the jury.

THE COURT: I think he is going to have to ask the next question as to what it was.

Q. One conviction or more than one conviction?

A. Convicted of two at the same time, sir.

Q. What were they?

A. One was detaining and the other was driving an automobile without the owner's consent.

Q. Detaining what?

A. A woman.

Q. Against her will?

A. Against her will.

Q. By force?

A. No, sir.

Upon motion by defense counsel the trial court thereupon admonished the jurors to consider this evidence only insofar as they were of the opinion that it affected the truthfulness of the witness's testimony.

■ The record does not disclose what took place at the conference outside the presence of the jury immediately prior to the reception of the testimony in question, but it seems probable that the purpose of the conference was to apprise the trial court of the nature of the previous felony convictions. In any event, the conviction for detaining a woman against her will (KRS 435.110) clearly had no bearing on the question of the witness's veracity, nor did the conviction for driving a motor vehicle without the owner's consent (KRS 433.220), since guilt of the latter offense does not necessarily depend upon an intent to steal or other dishonest purpose. Hence under the rationale of Cotton v. Commonwealth, Ky., 454 S.W.2d 698, 702 (1970), they were not admissible.

■ The Commonwealth's argument to the effect that the evidence could have prejudiced only James Phillips, and not the appellant, misses the point. Though technically James was called as a witness in his

own defense, there can be no doubt that his testimony was equally intended for the benefit of his father. They were represented by the same counsel, and their respective versions of the incident in question were consistent and mutually helpful. The testimony of each of them as a witness was important to the other. The impeachment therefore had a damaging effect on both. We are somewhat loath to reverse this conviction, but we intend to have *Cotton* followed, and if this is the way it has to be done, so must it be.

We find no error in the omission of an instruction on the right of appellant (a police officer) to use force in effecting an arrest. Not only did he make no claim that he had to use force in making the arrest, but denied having used any at all. The other evidence likewise offered no basis for a theory that the assault (committed mainly, if not entirely, by James) may have been justified incident to an arrest.

The judgment is reversed for a new trial of the appellant, David Phillips.

All concur.