**Travis GRAVES, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 23, 1975.

Jack Emory Farley, Public Defender, William C. Ayer, Jr., Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Raymond Larson, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant was convicted of the offense of armed assault with intent to rob and sentenced to confinement in the penitentiary for a term of ten years. We reverse the conviction solely because of the improper argument of the Commonwealth's Attorney.

During the course of cross-examination the Commonwealth, without following the procedures suggested in Cotton v. Commonwealth, Ky., 454 S.W.2d 698 (1970), elicited from the appellant the fact that he had previously been convicted of a felony. The failure to follow the guidelines set forth in *Cotton,* supra, and Bell v. Commonwealth, Ky., 520 S.W.2d 316 (1975), have not been preserved for review.

The trial judge admonished the jury that the previous felony conviction could be considered solely for the purpose of affecting the appellant's credibility and for no other purpose. Notwithstanding that admonition as to the limited purpose for which the previous felony conviction was admitted into evidence, the Commonwealth's Attorney made the following argument to the jury:

"Do we want this man, who admitted that he was convicted of a felony before, do we want this man turned loose so that he can commit a felony again. I think the answer is 'no'. If he was going to reform he would have done it after the last conviction."

By this argument the Commonwealth's Attorney ignored the admonition of the trial judge as to the limited purpose of the evidence. We have consistently condemned similar arguments.

The appellant was on trial for one crime only. Evidence of the commission of prior felonies is generally inadmissible. Arnett v. Commonwealth, Ky., 470 S.W.2d 834 (1971).

In Brown v. Commonwealth, Ky., 357 S.W.2d 681 (1962), the Commonwealth's Attorney made the following argument:

" ' * * * I ask you, I implore you, to help us, help us make Jefferson County a place where a robber does not dare to pull an armed robbery. Confinement in the penitentiary, is that the answer, in view of the record of the man? Three and a half years for robbery, another robbery in Rockford, Illinois, assault with intent to rob here in Jefferson County with a 21 year sentence. Did any of those confinements stop him? The answer is obvious.' "

In reversing Brown's conviction we said:

" * * *. The appellant was on trial for one crime only. Substantive evidence concerning the other crimes which he had committed would not have been admissible. The effect of the closing argument of the prosecuting attorney was to make substantive evidence out of that which was admitted only for the purpose of attacking the witness's credibility. As a consequence the argument was prejudicial. A similar argument was condemned in Matters v. Commonwealth, Ky., 245 S.W.2d 913, where it was said:

'In his argument to the jury the Commonwealth's Attorney commented on Matters' conviction of robbery in Ohio as though the evidence was admissible without qualification. This he should not have done. * * *.' "

In Messmear v. Commonwealth, Ky., 472 S.W.2d 682 (1971), we said:

"It was made plain in Cotton v. Commonwealth, Ky., 454 S.W.2d 698, and in Cowan v. Commonwealth, Ky., 407 S.W. 2d 695, and in a line of cases preceding them that the only purpose of permitting evidence of prior conviction of felony is for impeachment. CR 43.07. In no circumstance is it proper for the prosecutor to equate a prior felony conviction with a 'track record.' Although the prosecuting attorney told the jury that the prior conviction had to do only with the question of veracity, in almost the same breath he insisted that the prior conviction was equatable with a 'track record' and pointedly argued that it was reasonable to suppose that appellant had committed incest in 1970 because that was in keeping with his 'track record' of having committed an earlier felony. This was error and prejudicial error, requiring a new trial."

We have enunciated this rule repeatedly and in language that is easily understood. The violation in this instance was sufficient to prejudice the appellant's right to a fair trial on the issue of guilt or innocence of the crime charged in the indictment.

On a retrial of the case the proscriptions of Cotton v. Commonwealth, supra, and Bell v. Commonwealth, supra, must be observed. The Commonwealth's Attorney will limit his closing argument to reasonable comments upon the evidence and reasonable inferences that may be drawn therefrom. Hunt v. Commonwealth, Ky., 466 S.W.2d 957 (1971).

We express no opinion as to other allegations of error presented by appellant be-cause we consider it unlikely that they will reoccur upon another trial.

The judgment is reversed for further proceedings in conformity with this opinion.

All concur.