Donald RISINGER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

July 15, 1977.

Discretionary Review Denied Oct. 24, 1977.

Jack Emory Farley, Public Defender, Com. of Ky., Frankfort, Rodney McDaniel, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Com. of Ky., Frankfort, for appellee.

Before HAYES, HOWARD and WINTERSHEIMER, JJ.

HOWARD, Judge:

The defendant-appellant was convicted of robbery in the first degree as *prescribed* by KRS 515.020 and sentenced to a term of fifteen years in the penitentiary. From this judgment the defendant-appellant appeals.

The defendant-appellant and his girlfriend, Nancy Michaels, spent the evening of June 14, 1976, at the trailer home of Deborah and Michael Tuttle located at Spindletop Trailer Park in Scott County, Kentucky. On the following morning, the Tuttles and defendant-appellant discussed robbing the Idle Hour Pharmacy and other pharmacies in Lexington. These parties left the trailer at approximately 7:30 A.M. and drove to Lexington where they dropped Miss Michaels off at her home. They also stopped at Mrs. Tuttle's father's home and acquired a pistol to use in the robbery. When they returned to the car, Mrs. Tuttle drove and her husband, Mike, sat with her in the front seat while the defendant-appellant lay down in the back seat of his car. They then proceeded to drive by at least one, if not two drugstores in Lexington to determine which one would be the easiest to rob.

They then proceeded on to the Idle Hour Pharmacy in Lexington where Mrs. Tuttle inspected the premises and then drove the car to a nearby barbershop where no one would see the car. Mike Tuttle and the defendant-appellant got out of the car and proceeded on to the pharmacy. While the defendant-appellant remained outside as a lookout, Mike Tuttle went inside the Pharmacy and proceeded to the prescription counter where he confronted the attendant with a pistol and demanded drugs. After this was done, Tuttle left the store with a brown paper sack with numerous pills, barbiturates and other drugs and was joined by the defendant-appellant and the two of them ran to the car where Mrs. Tuttle was waiting and fled the scene. The drugs were subsequently divided at the trailer and the defendant-appellant received one-third of these drugs.

The Tuttles pled guilty to a lesser offense, but the defendant-appellant herein went to trial after a plea of "not guilty".

█ The defendant-appellant has urged upon this court several matters which he considers were prejudicial errors committed by the trial court. The first of these involve the evidence of a prior conviction for the offense of armed robbery. The defendant-appellant contends that he was substantially prejudiced and did not receive a fair trial. However, this court observes that the trial judge conducted a hearing prior to the admission of the evidence of a previous conviction pursuant to the landmark decision of *Cotton v. Commonwealth,* Ky., 454 S.W.2d 698 (1970). It is apparent that the trial court permitted the introduction of evidence of a previous conviction for impeachment purposes only and in view of the *Cotton* case, *supra,* there was no prejudicial error.

█ Next, the defendant-appellant complains that the trial court permitted the prosecutor to comment on the prior conviction. However, the prosecutor limited his remarks in reference to the prior conviction to the question of whether or not such conviction tended to lessen the defendant-appellant's credibility. Therefore, we cannot find any prejudicial error in the Commonwealth's argument.

█ The defendant-appellant urges that he was entitled to an instruction on criminal facilitation as defined in KRS 506.080. However, there is no evidence in the record that would indicate that the appellant permitted the Tuttles to use his car in order that they might rob the Idle Hour Pharmacy in Lexington, Kentucky. There is no evidence to establish criminal facilitation on the part of the defendant-appellant in this case. The facts indicate that the jury had to choose between the Commonwealth's theory of the case which was that the defendant-appellant was guilty of first degree robbery and the defendant-appellant's theory of the case which was a denial of having anything at all to do with the robbery. Since there were no facts tending to show a violation of the criminal facilitation statute, the trial judge was correct in refusing to instruct on this theory of the case.

█ The court discussed the sentence with the defendant-appellant and his counsel after the jury verdict was returned. The trial judge was very careful to advise the defendant-appellant and his attorney that the defendant-appellant was entitled to a pre-sentence report and to the procedures as outlined in KRS 532.050 and KRS 533.010. The trial court specifically inquired of the defendant-appellant as to whether he understood that he had a right to a sentencing hearing and that the trial court would consider various matters contained in a pre-sentence report in fixing the penalty and deciding if probation was indicated. The record is clear that the trial court reviewed orally with the defendant-appellant the latter's criminal record and in so doing, in effect, conducted a pre-sentence hearing even though a pre-sentence report, as such, had never been ordered or considered.

In view of the fact that the trial court took great pains to discuss these matters with the defendant-appellant and his attorney, and they both indicated to the trial court that they did not want any further delays in sentencing, it is the opinion of the court that any further proceedings as set out in KRS 532.050 and KRS 533.010 were waived. This case is distinguishable from *Brewer v. Commonwealth,* Ky., 550 S.W.2d 474 (1977), in that the record in this case shows that the defendant-appellant specifically waived the sentencing procedures contained in the foregoing statutes.

The judgment is affirmed.

All concur.