Charles Daniel STILES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 17, 1978.

Rehearing Denied May 19, 1978.

Discretionary Review Denied Oct. 3, 1978.

Jack Emory Farley, Public Defender, M. Gail Robinson, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Rodney V. Tapp, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, LESTER and WINTERSHEIMER, JJ.

LESTER, Judge.

This appeal arises out of the conviction of appellant and two codefendants of third degree burglary in violation of KRS 511.-040.

Charles Stiles was a resident of Bowling Green and the offense took place at a supermarket in Owensboro. There was more than sufficient evidence upon which to base the conviction but we are urged to reverse upon several constitutional issues, some of which we will explore in depth while others we will deal with summarily.

On October 26, 1976, Kentucky State Police Detective, Jarold Nickens, obtained a search warrant for appellant's house trailer and while at that residence, in the presence of Stiles, some tools were seized. At the trial, the prosecutor inquired of the officer if appellant explained what those tools were used for, to which the reply was "[t]o the best of my knowledge he's never explained nothing to us." Later on, during the proceedings when the Commonwealth's attorney was cross-examining Stiles the following colloquy took place:

> XQ Did the officers inform you of what you were being arrested for?
>
> A Yes.
>
> XQ And did you give them any statement—
>
> MR. DUKE: I object, Your Honor. It's not incumbent upon the defendant to explain his actions in any form.
>
> THE COURT: He's on the witness stand.
>
> MR. DANIEL: He's testifying now.
>
> MR. DUKE: I'm talking about—
>
> THE COURT: He's a witness as any other witness for all purposes.
>
> MR. DUKE: Okay.
>
> A (continuing) I gave him no statement.
>
> XQ You didn't tell him about Mr. Graham?
>
> A No.

The Commonwealth made no reference to appellant's failure to give a statement in its final argument and the foregoing constitutes the evidence in its entirety upon which the contention is based that reference to Stiles's postarrest silence deprived him of due process. In support of his position, appellant relies upon *Niemeyer v. Commonwealth,* Ky., 533 S.W.2d 218 (1976); *Salisbury v. Commonwealth,* Ky.App., 556 S.W.2d 922 (1977); and *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).

In *Niemeyer, supra,* there were repeated references to those appellants' failure to deny their guilt, not only during the direct and cross-examinations but also during the prosecutor's closing remarks. Nevertheless, in spite of condemning the practice, the court determined that those specific errors were not prejudicial. In *Salisbury, supra,* the jury was required to determine whether it should believe that appellant's testimony or the testimony of a witness. In other words, the Commonwealth's comparison of Salisbury's silence with the witness's voluntary statement at the time of the arrest went to the vital issue of that case, namely, the credibility of the two persons present at the commission of the crime. The case at bar falls short of the *Niemeyer* and *Salisbury* situations on a comparative basis. To paraphrase Chief Justice Palmore in *Summitt v. Commonwealth,* Ky., 550 S.W.2d 548 (1977), even though we wish to discourage the type of questioning here under discussion, and to warn against its possible consequences, we are not ready to hold that in this particular instance it was all that bad. It was innocuous in comparison with the example in *Niemeyer, supra.*

One of the foremost tests in determining whether an error is prejudicial is consideration of whether upon the whole case there is a substantial possibility that the result would have been any different. *Niemeyer, supra,* and *Abernathy v. Commonwealth,* Ky., 439 S.W.2d 949 (1969). As we pointed out in the beginning, there was ample evidence upon which to base this conviction.

We wish to point out that, although it is inferred that Stiles was placed under arrest, there is no indication whether his testimony concerning giving no statement had reference to before or after the arrest. It should be mentioned that, from the number of exhibits searched for and produced from the trailer, we assume that some time was spent there on the day in question. There is absolutely no evidence of when the *Miranda* warnings were given so we cannot say that appellant's silence was based thereon as was the case in *Doyle, supra.* It is

our conclusion beyond a reasonable doubt that appellant's first assignment of error was not prejudicial.

Detective Nickens testified that he had requested a counterpart in Bowling Green to determine if any burned or scorched money (some of the stolen cash in the instant case had been burned) had been passed in that area. Twelve questions later the same witness was asked:

Q  Now why did you—if you will explain to the jury did you make a request in regard to looking out after or having someone watch out after burned money?

A  Through an investigation a few years back we felt that the people responsible for these safe burglaries were from the Bowling Green area.

Appellant objected and moved for a mistrial which was overruled. However, the trial court delivered a strong and very complete admonishment to the jury which more than cured the error, if any there be. We cannot perceive how the remark of the witness could have any substantial influence upon the jury in light of the overwhelming circumstantial evidence of guilt and we believe beyond a reasonable doubt that the alleged error was harmless.

With respect to the foregoing argument, appellant urges, by way of reply brief, that "[t]he time has come to put a stop to this infringement on the constitutional rights of defendants by reversing convictions." We would remind appellant that if we regarded every minor defect in all the criminal trials conducted in this Commonwealth as infringements upon constitutional rights then there would be no convictions. A defendant is entitled to a fair trial—not a perfect one.

In relation to appellant's complaint concerning the third degree burglary instruction, we believe this issue to be without merit and accordingly, we invite a comparison between that given in this case and 1 Palmore *Kentucky Instructions To Juries,* Sec. 3.01, 2 at p. 113 (1975).

Since there was no objection to the alleged impropriety in the closing argument

to the prosecutor, that issue is not preserved for review. RCr 9.22.

The most serious assignment of error is the prosecution's inquiry into Stiles's prior felony conviction. The Commonwealth's attorney notified the court that he wished to impeach the appellant with a 1967 conviction for two counts of breaking and entering. The court thereupon retired to chambers and conducted a *Cotton* hearing whereat defense counsel objected because of the remoteness (ten years) of the conviction and after explaining his reasons, the court overruled the objection. The trial resumed and the following evidence and admonition was heard by the jury:

XQ   Mr. Stiles, is it not a fact that sometime during the year—

THE COURT: Mr. McDaniel, come up. (The attorneys approached the bench for a conference with the judge out of the hearing of the reporter.)

XQ   Just strike the last question, and I'll start again. Mr. Stiles, were you convicted of a felony during the year of 1967?

MR. DUKE: If it please the Court, I would like at this time to renew my objection to this for the reasons we've previously put into the record.

THE COURT: Overruled.

A   Yes, I was.

XQ   And were you not convicted to two counts of breaking and entering and in connection therewith receive three years—

MR. DUKE: Your Honor, I object to the question as he's phrased it. As I understand it, he can only ask what they were.

THE COURT: Sustained. He's answered the question as far as the law permits us to go.

MR. McDANIEL: Thank you.

MR. DUKE: Judge, I think it's incumbent upon the Court to admonish the jury at this time.

THE COURT: Yes, it should be done at this time. Disregard the penalty which Mr. McDaniel was going to ask about— what penalty he received. The law permits this type evidence for one purpose only, that is the conviction of a previous offense when involves moral turpitude, and I thought I had it written out here the definition but I don't guess I have it at my fingertips right now. I will state it verbally for you. This evidence is admissible only insofar as it affects his credibility or believability as a witness. You see what I mean? It's not proof of any guilt on the crime he is now charged with. So disregard it for that purpose absolutely and positively, but it's to be considered by you only insofar as you may think it affects his credibility or believability as a witness, if you do think that it does and it is in your discretion to decide that.

MR. McDANIEL: Judge, may I approach the bench?

THE COURT: Yes.

(The attorneys approached the bench for a conference with the judge and the reporter was requested to read the last few questions asked by Mr. McDaniel to those at the bench out of the hearing of the jury.)

MR. DUKE: (Dictated to the reporter out of hearing of the jury) Show my objection to this and also I move for a mistrial in that the reemphasis of the prior felony conviction is prejudicial and is intended to inflame the jury.

THE COURT: Overruled. The penalties in the question was what I sustained the objection to. One more question, Mr. McDaniel.

XQ   What were the felony charges you were convicted of in 1967?

A   I believe it was two counts of breaking and entering.

MR. McDANIEL: Thank you. That's all I have to ask.

The *Cotton* mandates were succinctly summarized in *Strong v. Commonwealth*, Ky., 507 S.W.2d 691, 693 (1974):

Under the principles expressed in *Cotton v. Commonwealth*, Ky., 454 S.W.2d 698 (1970), previous convictions of felonies involving dishonesty and stealing are relevant on the issue of the credibility of a witness and are basically admissible in

evidence, subject to a duty on the part of the trial court to exercise a reasonable discretion in limiting or disallowing such evidence if its possible prejudice to the witness, especially in a criminal case in which he is the defendant, clearly outweighs its value for impeachment purposes. The kind of considerations that have a legitimate bearing on this determination are illustrated in *Cotton* as follows (454 S.W.2d at 701, 702):

"The nearness or remoteness of the prior conviction is a relevant factor to consider in the exercise of this discretion. The probability of prejudice is greater where the crime for which the defendant is presently being tried is one of dishonesty or false statement, especially in those instances where he has been convicted several times previously of the same type of crime. The age and circumstances of the defendant are also proper factors."

The case before us presents that type of situation where "the probability of prejudice is greater" since appellant's prior conviction was for the same offense as that for which he was being tried. Even though *Cotton* does not demand that the evidence of such be excluded it does require that the trial court be very circumspect in exercising its reasonable discretion in limiting or disallowing such evidence.

■ Having concluded that the former conviction can be placed before the jury for impeachment purposes if that earlier offense was one of those delineated in *Cotton,* then there can be no complaint made that the *specific* offense was denominated. *Iles v. Commonwealth,* Ky., 476 S.W.2d 170 (1972). Appellant's position is that due to the remoteness of his first conviction (ten years prior to the current charge) and his age at that time, then the trial court should have prohibited the evidence. The record reveals that the circuit court considered both of these elements and in its discretion elected to permit the testimony. When Judge Short concluded that ten years was not too remote he might well have had in mind the federal rule of evidence which provides a ten year limitation. Fed.Rules Evid. 609, 28 U.S.C.A. Appellants consistently urge upon this Court rules and principles set forth in federal cases. We have been unable to locate any precedent in this jurisdiction setting forth a maximum with regard to the length of time expired between the conviction of the same type of offense as the one for which defendant is being tried and the introduction of that record for purposes of testing credibility, but practical considerations of fairness and relevancy demand that some boundary be recognized. This Court has neither the power nor the inclination to promulgate a binding rule in this respect but there should be a point whereat the probative value of the prior conviction regarding the person's credibility diminishes to a level where it should no longer be admissible. In the present litigation where there was but one previous offense, albeit the same type charged, of some ten years vintage, with no intervening misconduct, we consider the time period to be about the maximum. What we have said is not to be construed as applicable in situations where there were consistent offenses of the nature of those set forth in *Cotton* beyond a ten year period, for in that type of case, we might very well entertain a different view.

■ When we review the record of the in camera hearing, the very limited number of questions pertaining to the record of Stiles, the sustaining of the objection to the sole reference to the penalty preceived, and especially the emphatic admonishment to the jury concerning the narrow purpose of the evidence, we are unable to say that the testimony had any prejudicial effect upon the minds of the jurors, nor are we willing to opine that the prior conviction allowed the jury "to draw the natural, if illegal, conclusion that appellant also broke into Wyndall's Supermarket."

Stiles further urges that the prosecutor was permitted to reemphasize the prior felony conviction. A close perusal of the transcript discloses that there were but three questions and two answers concerning the criminal history. After answering that he had been convicted of a felony, appellant did not reply to the first inquiry about the specific offense so it was only logical and proper that the Commonwealth repeat the question. In other words, counsel was in-

terrupted by the objection of his adversary and he was still permitted to seek an answer to the specifics. We find no abuse of discretion or prejudicial error.

The court has examined the additional alleged error and find it to be without merit.

The judgment is affirmed.

All concur.