Grover BURGESS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

April 11, 1978.

Jack Emory Farley, Public Defender, Mark A. Posnansky, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., David M. Whalin, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Grover Burgess was indicted and convicted of murder, KRS 507.020, and of first-degree assault, KRS 508.010. Burgess was sentenced to a term of 20 years on the conviction of murder and to a term of 10 years on the conviction of first-degree assault. We reverse.

Burgess shot and killed Glen Rainey with a rifle and shot and wounded his estranged wife, Sue Burgess. In view of the issues presented on this appeal, a detailed recitation of the factual situation is not necessary.

Prior to trial, Burgess served notice that he would rely on the defense of insanity, KRS 504.050.

During the course of the trial, Burgess introduced a clinical psychologist with a Ph.D. degree in psychology as a witness. This witness narrated the tests performed on Burgess and his observations but was not permitted by the trial court to express an opinion as to Burgess' mental condition. We are of the opinion the ruling by the trial court was prejudicial error requiring reversal for a new trial.

We held in *Mosley v. Commonwealth*, Ky., 420 S.W.2d 679 (1967), that a clinical psychologist with a Ph.D. in psychology was competent to testify as to the mental condition of a witness in order to impeach the credibility of the witness. We view the proffered testimony here as that of a qualified expert and hold that a clinical psychologist is competent to testify, with a proper foundation, as to the mental condition of an accused.

Burgess declined to call his treating physician after the trial court ruled that the Commonwealth would be permitted to introduce evidence of a prior felony conviction for income tax evasion for the purpose of impeachment. Burgess argues that *Cotton v. Commonwealth*, Ky., 454 S.W.2d 698

(1970), which established the rule that only past felony convictions that relate to the issue of credibility, i. e. past felony convictions involving dishonesty are admissible for the purposes of impeachment, is not applicable to an expert witness (here a physician) for the reason that the conviction in no way related to his expertise as a physician. We do not see any distinction in *Cotton* as to whether or not the witness is an expert or whether the witness is testifying within his professional expertise. The theory of *Cotton* is that the evidence of a prior conviction of a felony involving dishonesty is competent for the jury to consider as it may bear on the credibility of a witness without any exception for expert witnesses. We find nothing in *Cotton* even implying that the rule should be restricted to particular types of witnesses. We do not consider the ruling that a conviction which occurred 10 years prior to this trial was admissible an abuse of discretion as being too remote. *Butler v. Commonwealth*, Ky., 560 S.W.2d 814 (1978).

Lastly, the trial court excluded the opinion of certain lay witnesses offered by Burgess. No avowal was made, so we do not consider this issue preserved for review. We do observe that in *Jewell v. Commonwealth*, Ky., 549 S.W.2d 807 (1977), we held that laymen who have had the opportunity by association and observation to form an opinion as to the sanity of a person, may testify to that opinion, giving the facts upon which the opinion is based so the jury may determine the weight to be given to the evidence.

The judgment is reversed with directions that Burgess be granted a new trial.

All concur.