**Billy Joe GARRETT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

June 14, 1984.

Motion for Extension to File for Rehearing Denied Sept. 25, 1984.

Timothy T. Riddell, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

AKER, Justice.

Appellant was convicted of complicity to first-degree robbery and for being a persistent felony offender in the first degree. He received a sentence of twenty-five years and appeals to this court as a matter of right.

The appellant alleges that the trial court erred by permitting the introduction of his previous conviction for second-degree robbery while he was on trial for complicity to first-degree robbery. The trial court conducted a hearing to determine the admissibility of the evidence and concluded that its probative value outweighed its possible prejudicial effect. The trial court did not err by admitting the evidence. *Cotton v. Commonwealth,* Ky., 454 S.W.2d 698 (1970).

The appellant next alleges that the conviction for PFO I must be reversed because the appellant was not over the age of eighteen at the time of the commission of an underlying offense. Appellant admits that he was 18 years of age but reads the language "over the age of eighteen" in KRS 532.080(3)(b) to mean "that the person must be at least nineteen." There is no merit to this position, but it does raise an important question as to when an individual is subject to the statute. For purposes of the Penal Code, a person is "over the age of 18" from the first moment of the day on which his 18th birthday falls.

The conviction of appellant is affirmed.

All concur.